UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CONTRACT ASSOCIATES OFFICE INTERIORS, INC.,

       Plaintiff,

       v.

LETITIA A. RUITER AND WORKSPACE SOLUTIONS, INC.,

       Defendants.

NO. CIV. S-07-0334 WBS EFB

ORDER

----oo0oo----

Pursuant to Federal Rule of Civil Procedure 56, defendant Workspace Solutions, Inc. ("Workspace Solutions") moves for summary judgment on each of the claims alleged against it.[1]

///

---

[1] The claims against Workspace Solutions consist of (1) plaintiff's first claim for violation of the Computer Fraud and Abuse Act (CFAA), 18. U.S.C. § 1030; (2) plaintiff's fifth claim for tortious interference with contract (3) plaintiff's sixth claim for tortious interference with prospective economic advantage; (4) plaintiff's seventh claim for conversion; and (5) plaintiff's ninth claim for unfair competition, Cal. Bus. & Prof. Code §§ 17200-17210.

1

1    Summary judgment is proper "if the pleadings, the
2 discovery and disclosure materials on file, and any affidavits
3 show that there is no genuine issue as to any material fact and
4 that the movant is entitled to judgment as a matter of law."
5 Fed. R. Civ. P. 56(c).  A material fact is one that could affect
6 the outcome of the suit, and a genuine issue is one that could
7 permit a reasonable jury to enter a verdict in the non-moving
8 party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
9 248 (1986).

10   The party moving for summary judgment bears the initial
11 burden of establishing the absence of a genuine issue of material
12 fact and can satisfy this burden by presenting evidence that
13 negates an essential element of the non-moving party's case.
14 Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, (1986).
15 Alternatively, the movant can demonstrate that the non-moving
16 party cannot provide evidence to support an essential element
17 upon which it will bear the burden of proof at trial.  Id.

18   Once the moving party meets its initial burden, the
19 non-moving party "may not rely merely on allegations or denials
20 in its own pleading," but must go beyond the pleadings and "by
21 affidavits or as otherwise provided in [Rule 56,] set out
22 specific facts showing a genuine issue for trial."  Fed. R. Civ.
23 P. 56(e); Celotex Corp., 477 U.S. at 324; Valandingham v.
24 Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).

25   Along with its opposition to the motion, Contract
26 Associates raised several evidentiary objections to Gillen's
27 declaration upon the grounds that they contained legal
28 conclusions and were based on speculation.  In its reply,

2

Workspace Solutions countered with a series of evidentiary objections to Ann Antonelli's declaration based on similar grounds that the declaration did not show Antonelli had personal knowledge of all the facts set forth in her declaration. According to the Local Rules, the opposition to a motion for summary judgment is not due until fourteen (14) days before the hearing, and the reply need not be filed until five (5) days before the hearing.  Local Rule 78-230.  Thus, as is typical, the objections came too late for either party to have any realistic opportunity to cure the alleged defects in their declarations before the motion was to be heard.

Understandably, affidavits in support of or opposition to a motion for summary judgment cannot be crafted to withstand every evidentiary objection that an attorney on the other side can think up.  Often the affidavits have to be prepared in haste and may inadvertently contain statements which, when scrutinized carefully, are not entirely relevant, are conclusory, do not lay a proper foundation, or are technically hearsay.  It is not like a trial, where a question can be rephrased, or another witness can be called to lay a proper foundation, after an objection has been made.  Yet, it has become the general practice in just about every summary judgment motion filed in this court for each side to lodge as many objections as possible to the affidavits submitted by the other side.

This practice places the court in the typical dilemma. See Burch v. Regents of Univ. of Ca., 433 F. Supp. 2d 1110, 1118-1125 (E.D. Cal. 2006) (discussing some of the problems resulting from the routine practice of objecting to affidavits in summary

3

judgment motions). If the court considers the declarations, it runs the risk of committing error by relying upon inadmissible evidence. But if the court sustains the objections, it runs the risk of committing error by adjudicating the issue against a party who may be able to show the declared facts by admissible evidence in another form. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

Here, as in most of the cases, some of the objections are well taken. In order to properly rule on each objection, however, it would be necessary to turn the hearing on the motion for summary judgment into a full-fledged hearing on the evidentiary objections, which in turn tends to subvert the whole idea of a motion for summary judgment, which is supposed to be simpler than a trial. Instead, in this case the court has elected not to consider the evidence to which objections were made, because it would not change the court's ruling on the motion.

On plaintiff's first claim under the CFAA, Workspace Solutions does not refute Contract Associates' allegations that co-defendant Letitia Ruiter herself may have violated the CFAA when she copied and deleted files from Contract Associates' computer database. There is a genuine issue of material fact as to whether Ruiter was an agent of Workspace Solutions[2] and

---

[2] See Stilson v. Moulton-Niquel Water Dist., 21 Cal. App. 3d 928, 936 (1971) ("The question whether an agency relationship has been created is normally a question of fact. Where a

4

whether Workspace Solutions was aware that its new sales representative--fresh from the employ of a competing company that had worked on similar E*trade projects--had immediately arrived with considerable outside work product substantiating several lucrative E*Trade projects.  From this, a reasonable jury could readily infer that Workspace Solutions had acquired the requisite knowledge of Ruiter's illicit conduct, effectively triggering its duty to disaffirm her acts.[3]  Accordingly, because there is a genuine issue of material fact whether Workspace Solutions ratified Ruiter's alleged violation of the CFAA, the court will deny Workspace Solutions' motion for summary judgment with respect to Contract Associates' CFAA claim.

The court must also deny Workspace Solutions' motion for summary judgment on plaintiff's claims for tortious interference with prospective economic advantage and tortious interference with contract, respectively, because evidence creates a triable issue as to whether Workspace Solutions disrupted both an economic relationship with E*Trade offering the

---

conflict in the evidence exists from which either conclusion could be reached as to the status of the parties, the question must be submitted to the jury.")

[3] See In re Wolverton Assocs., 909 F.2d 1286, 1298 (9th Cir. 1990) (holding that where company "retained the benefits of [its employee's] conduct even after confronted with evidence of foul play . . . [this] conduct on [company's] part supported the court's finding of ratification"); Bowoto v. Chevron Texaco Corp., 312 F. Supp. 2d 1229, 1248 (N.D. Cal. 2004) ("Where the acts by the agent were not within the scope of the agency relationship, if they are not disavowed by the principal, failure to disavow may constitute ratification."); Bancroft-Whitney Co. v. Glen, 64 Cal. 2d 327, 353 (1966) (finding that where evidence indicated that company's president was aware of or ratified breach of fiduciary duty by an employee of competitor company and received benefits of breach, liability would attach to the company).

5

probability of future economic benefit to Contract Associates and Ruiter's employment relationship with Contract Associates.

With respect to plaintiff's claim for conversion, because the court has determined that evidence could allow a reasonable jury to infer that Workspace Solutions both ratified Ruiter's CFAA violation and interfered with Contract Associates' prospective economic advantage, a reasonable jury could similarly find that Workspace Solutions improperly converted Contract Associates' property, resulting in its alleged damages.

Finally, with respect to plaintiff's claim that Workspace Solutions violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, because the court has found that the evidence could allow a reasonable jury to infer liability on the part of Workspace Solutions as to Contract Associates' aforementioned claims, it could also support a reasonable inference of Workspace Solutions' section 17200 liability. See Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc., No. 06-2879, 2008 WL 1734771, at *13-14 (E.D. Cal. Apr. 14, 2008) ("[E]vidence supporting other alleged unlawful acts also support section 17200 liability.").

IT IS THEREFORE ORDERED that Workspace Solutions' motion for summary judgment be, and the same hereby is, DENIED.

DATED: May 28, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE