UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CONTRACT ASSOCIATES OFFICE INTERIORS, INC.,

    Plaintiff,

    v.

LETITIA A. RUITER and WORKSPACE SOLUTIONS, INC.,

    Defendants.

NO. CIV. S-07-0334 WBS EFB

<u>ORDER RE: MOTION TO MODIFY SCHEDULING ORDER AND TO AMEND COMPLAINT</u>

----oo0oo----

Plaintiff moves for leave to amend its Complaint to add Teknion, L.L.C. ("Teknion"), one of its furniture vendors, as a defendant. Pursuant to this court's Status (Pretrial Scheduling) Order of April 27, 2007, all discovery was to be completed by April 30, 2008, all pretrial motions were to be filed by May 15, 2008, and this matter was set for trial to commence on October 7, 2008. Ordinarily, under these circumstances, the court would find that plaintiff's request comes too late. Plaintiff had ample time to discover the role that Teknion played

1

in Ruiter's resignation and her alleged disloyalty to plaintiff before the close of discovery and motion cut-off date.

However, in Ruiter's opposition to plaintiff's motion, and at oral argument, counsel has informed the court that he has a scheduling conflict with the October 7, 2008 trial date. (Ruiter's Mem. in Opp'n to Mot. to Amend 5:21-28.)  Plaintiff's counsel indicated at oral argument that her earliest availability for rescheduling the Final Pretrial Conference and trial would not be until January 2009.  If plaintiff's motion to amend is denied, plaintiff could file a separate action against Teknion, and the court would most likely consolidate it with this action for purposes of judicial economy.  Given that the court must reset the Final Pretrial Conference and trial dates due to counsels' scheduling conflicts, and given that a separate action later consolidated with this action would be tantamount to granting this motion, the court finds good cause for granting the motion to amend.[1]  There is no prejudice to defendants because a new round of discovery will ensue whether Teknion is named a defendant in this action or in a separate action.

---

[1] Generally, a motion to amend is subject to Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires."  However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause."  Fed. R. Civ. P. 16(b).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Johnson, 975 F.2d at 609.  Although the focus of the inquiry is on the moving party's diligence, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion."  Id.

IT IS THEREFORE ORDERED that plaintiff's motion to amend the Complaint to join Teknion, LLC as a party defendant be, and the same hereby is, GRANTED.  The amended complaint shall be served upon Teknion by June 25, 2008.  All discovery shall be completed by September 25, 2008.  All pretrial motions shall be filed by October 24, 2008.  The Final Pretrial Conference is reset for January 12, 2009 at 2:00 p.m. in Courtroom 5.  The jury trial is reset for February 18, 2009 at 9:00 a.m. in Courtroom 5.

DATED:  June 11, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE