UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CONTRACT ASSOCIATES OFFICE
INTERIORS, INC.,

        Plaintiff,

   v.

LETITIA A. RUITER, WORKSPACE
SOLUTIONS, INC., and TEKNION,
L.L.C.,

        Defendants.
_____/

AND RELATED COUNTERCLAIMS
_____/

NO. CIV. 07-0334 WBS PAN

ORDER RE: EVIDENTIARY
OBJECTIONS

----oo0oo----

        Plaintiff and cross-defendant Contract Associates Office Interiors, Inc. ("Contract Associates") filed this lawsuit alleging that its former employee, defendant and cross-complainant Letitia A. Ruiter, and her new employer, defendant Workspace Solutions, Inc., utilized unlawful means to ensure the capture of Contract Associates' profitable E*Trade

1

account.[1]  Currently before the court is Ruiter's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

On June 6, 2008, Contract Associates filed twelve separate categories of objections to evidence cited in Ruiter's Separate Statement of Undisputed Facts (SSUF) (including material from various party affidavits and depositions), which was submitted in support of her aforementioned motion.  Plaintiff's evidentiary objections are made on grounds, inter alia, that the statements and/or materials at issue constitute inadmissable personal opinions or hearsay, lack personal knowledge, and/or are vague, conclusory, speculative, and irrelevant.

Because the parties requested the court to rule on the evidentiary objections before deciding the motion for summary judgment, the court set a July 21, 2008 hearing for the purpose of hearing only arguments with respect to the evidentiary objections.  In preparation for the hearing, the court instructed Ruiter to file a response to Contract Associates' evidentiary objections and revise her own supporting memoranda and affidavits with the goal of eliminating any unnecessary or inadmissible statements that could provoke objections.  After Ruiter withdrew portions of the contested materials and filed her response, Contract Associates was instructed to file a reply to Ruiter's response as well as ensure that its remaining objections conform with the letter and spirit of Celotex Corporation v. Catrett, 477

---

[1] Contract Associates recently amended its Complaint to add Teknion, L.L.C.--the furniture vendor that Contract Associates used in its design of the various E*Trade locations--as an additional defendant in this dispute.  Contract Assocs. Office Interiors, Inc. v. Ruiter, No. 07-0334, 2008 WL 2420586, at *1 (E.D. Cal. June 12, 2008).

U.S. 317 (1986) and <u>Burch v. Regents of the University of California</u>, 433 F. Supp. 2d 1110 (E.D. Cal. 2006).

   In spite of the court's optimism that this process would catalyze resolution of the evidentiary objections, it seems to have only resulted in an exacerbation of the disputes. Accordingly, the court will proceed in this order to resolve Contract Associates' evidentiary objections. The parties are cautioned, however, not to interpret any of the evidentiary rulings in this order as a ruling on the subsequent admissibility of such evidence at trial.[2]

A. <u>Contract Associates' Objections Nos. 1 and 2</u>

   Contract Associates' first two objections are directed at evidence cited in support of Ruiter's SSUF Nos. 1-6. Ruiter has since withdrawn these six statements and their correlating evidence for purposes of resolving the summary judgment motion, and these objection are thereby rendered moot.

B. <u>Contract Associates' Objection No. 3</u>

   Contract Associates objects to evidence cited in support of Ruiter's SSUF Nos. 12, 13, 14, 15, and 16 on grounds that none of the witnesses identified in the statements have been

---

[2] Although the court will sustain some of Contract Associates' objections, when the case goes to trial, Ruiter will undoubtedly be able to overcome most of those objections. Conversely, objections overruled in the context of a motion for summary judgment could be sustained in the context of trial, considering that Rule 56(e) "requires only that evidence '<u>would</u> be admissible,' not that it presently <u>be</u> admissible." <u>Burch</u>, 433 F. Supp. 2d at 1120, 1122 (quoting Fed. R. Civ. P. 56(e)). Therefore, if either side thinks it will gain some tactical advantage by inducing the court to telegraph its rulings on trial objections in advance, they should disabuse themselves of any such idea. Neither side will be heard to even suggest that anything in this order constitutes a ruling by this court as to the admissibility of any evidence at trial.

3

qualified as an expert witnesses in order to render such testimony under Federal Rule of Evidence (FRE) 702 or, alternatively, that no adequate foundation to such opinion testimony has been laid under FRE 601.  Contract Associates also makes a hearsay objection based on Ruiter's testimony in SSUF No. 12 that Contract Associates refused to provide her assistance, that Teknion demanded it, and that Contract Associates ignored such demands.  Ruiter has since withdrawn SSUF No. 16 and its correlating evidence for purposes of resolving the summary judgment motion.  The objection to SSUF No. 16 is therefore moot.

    1.    <u>SSUF No. 12</u>

This statement describes the furniture sales industry's purported "team" concept, in which a salesperson, project manager, and designer work together on a job.  The statement also argues that Ruiter performed all three jobs without any support while at Contract Associates, and that both Teknion and E*Trade were aware of this situation and felt it was a problem.

        a.    <u>Ruiter Dep. 38, 39:1-17</u>

To the extent that Ruiter's testimony cited in support of SSUF No. 12-- that E*Trade and Teknion thought Contract Associates' refusal to provide Ruiter assistance was a problem--is offered for the truth of the matter asserted, the court will sustain Contract Associates' objection to this evidence.  <u>See</u> Fed. R. of Evid. 801(c) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); <u>see also</u> <u>United States v. Fried</u>, 576 F.2d 787, 792 (9th Cir. 1978) ("[T]he statement was offered for

4

the truth of the matter asserted and was clearly hearsay.").

    b. <u>Tom Gaffney[3] Dep. 27:1-4, 29:11-17, 31:10-13;</u>
      <u>Kathie Schwartz[4] Dep. 23:1-15, Robin Gillen[5] Dep.</u>
      <u>18:17-22</u>

  Contract Associates objects to the foregoing depositions insofar as they attempt to establish the proposition of a "team" concept in the furniture sales industry. Neither Gaffney nor Gillen's testimony discusses this subject. In contrast, Schwartz provides firsthand observations on the furniture industry's "team" concept based on the foundation that she was a Teknion furniture dealer for thirteen years and is currently employed as Teknion's District Sales Manager. Because Schwartz has adequate foundation to render such testimony, <u>see</u> <u>United States v. Thompson</u>, 559 F.2d 552, 554 (9th Cir. 1977) (finding that an employee familiar with "normal company procedures . . . had ample personal knowledge to testify on that subject"), and need not be qualified as an expert witness to do so, <u>see</u> <u>United States v. Holmes</u>, 229 F.3d 782, 788-89 (9th Cir. 2000) (noting that "lay witnesses" as opposed to experts "can testify to inferences or opinions that are drawn from a series of personal observations over time"), the court will overrule Contract Assocaites' FRE 601 and FRE 702 objections to Schwartz

---

[3] At all times relevant to this dispute, Gaffney was employed as E*Trade's Assistant Director of Corporate Facilities and Real Estate. (Gaffney Dep. 12:14-15.)

[4] Schwartz is employed as Teknion, L.L.C.'s District Sales Manager. (Schwartz Dep. 11:7-13.)

[5] Gillen is president and owner of Workspace Solutions, Inc. (Gillen Dep. 10:9-17.)

testimony.

2. <u>SSUF Nos. 13, 14, and 15</u>

The court will not consider Contract Associates' objections to Ruiter's SSUF Nos. 13, 14, and 15 because such objections are aimed only at Ruiter's characterizations and purported misstatements of the evidence--as represented in her SSUF--rather than the actual underlying evidence. See <u>Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.</u>, --- F. Supp. 2d ----, 2008 WL 1734771, at *2 (E.D. Cal. Apr. 14, 2008) ("Plaintiff's 'evidentiary objections' to Defendants' separate statements of undisputed facts are not considered because such objections should be directed at the evidence supporting those statements."); <u>Dalton v. Straumann Co. USA Inc.</u>, No. 99-4579, 2001 WL 590038, at *4 (N.D. Cal. May 18, 2001) ("Most of these objections to evidence are actually objections to defendant's characterization of the evidence in its 'Statement of Undisputed Facts.' Plaintiff's counsel objects that statements are vague or compound as if he were objecting to questions asked in a deposition. But counsel is not objecting to evidence, merely to defendant's characterization of the evidence."). For example, Contract Associates objects to Ruiter's SSUF No. 13 not on grounds that Schwartz's deposition testimony--the cited evidence for SSUF No. 13--lacks personal knowledge, amounts to hearsay, is speculative or irrelevant, etc., but rather on the basis that Ruiter's interpretation, as expressed in SSUF No. 13, purportedly misstates Schwartz's testimony.

The court finds it perplexing that one party would utilize evidentiary objections as a method for contesting an

6

opposing party's characterization of the facts.  See Burch v. Regents of the Univ. of Cal., 433 F. Supp. 2d 1110, 1118-22 (E.D. Cal. 2006) ("Instead of objecting, parties should simply argue that the facts are not material."). This is particularly annoying in that the Eastern District of California's Local Rule 56-250(b) attempts to set forth an explicit procedure for denying the validity of an opposing party's itemized SSUF.[6]  E. Dist. of Cal. Local R. 56-260(b). Specifically, a party concerned that the court will bestow undue weight to its opponent's SSUF is instructed to file a response admitting or denying the undisputed nature of the proposed facts and, additionally, submit its own "Statement of Disputed Facts" that cites its own supporting evidence.  Id.  Such a procedure puts the court on notice as to the factual dispute and steers it beyond the statements, which are frequently self-serving and/or unconstructive, and toward the underlying evidence.  See Dalton, 2001 WL 1734771, at *2 ("Statements of undisputed facts, as in this case, are generally unhelpful.  It is on the underlying declarations, depositions and

---

[6]  Local Rule 56-260(b) provides in relevant part that

> Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the [opposing party's already-submitted] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication.

E. Dist. of Cal. Local R. 56-260(b).

7

1  exhibits that the court will rely.").

C. <u>Contract Associates' Objections Nos. 4 and 5</u>

Contract Associates has withdrawn objections four and five regarding evidence of the parties' alleged understanding of Ruiter's status as an "at-will" employee (as represented in SSUF No. 17) and testimony that Teknion felt that Workspace Solutions, Inc. would be a better fit for Ruiter than Contract Associates (as represented in SSUF Nos. 19-21), respectively.

D. <u>Contract Associates' Objection No. 6</u>

Contract Associates objects on hearsay grounds to deposition testimony from Ruiter and Gaffney recalling that E*Trade's Jeff Burdian expressed he was in favor of Ruiter leaving Contract Associates.

1. <u>Ruiter Dep. 57:5-58:11</u>

Ruiter's testimony that Jeff Burdian said he was in favor of Ruiter's move because it would benefit E*Trade is not hearsay because it is not offered for the truth of the matter asserted. Instead, the testimony is offered to show the effect of Burdian's statement on Ruiter--i.e., that Ruiter thereafter felt reinforcement in leaving Contract Associates because it appeared that E*Trade would continue to support her upon joining her next employer. See <u>L.A. News Serv. v. CBS Broad., Inc.</u>, 305 F.3d 924, 936 (9th Cir. 2002) ("Out-of-court declarations introduced to show the effect on the listener are not hearsay."). The court, therefore, will overrule Contract Associates' hearsay objection to this evidence.

2. <u>Gaffney Dep. 27:17-22, 29:3-22, 30:1-13</u>

Gaffney's cited testimony does not discuss this subject

and thus is inapplicable to the instant objection.

E.   Contract Associates' Objection No. 7

Contract Associates objects to admission of Gaffney's testimony regarding whether E*Trade would have continued to contract with Contract Associates if Ruiter had left the profession or gone to another dealer other than Workspace Solutions, Inc. (as represented in Ruiter's SSUF Nos. 34 and 35). Contract Associates has withdrawn its previous objections to SSUF Nos. 32 and 36.

1.   SSUF No. 34/Gaffney Dep. 34:17-22, 35, 104:4-15

Gaffney's cited testimony states that E*Trade had no future purchase contracts with Contract Associates and thus had the right to follow Ruiter to another dealer. As the Assistant Director of Corporate Facilities and Real Estate at E*Trade, Gaffney appears to have personal knowledge of E*Trade's contractual obligations and can express his opinion whether E*Trade could have and would have continued to use Ruiter as a sales representative at another company. See United States v. Crawford, 239 F.3d 1086, 1090-91 (9th Cir. 2001) (finding that a witness could testify to company practices and terms "based on his experience with [company] policies"). Consequently, the court will overrule Contract Associates' objection based on lack of foundation (FRE 601 and 602) and speculation (FRE 611).

2.   SSUF No. 35/Gaffney Dep. 44:20-45:2

Gaffney's cited testimony states that E*Trade would not have continued to use Contract Associates without Ruiter even if Ruiter left the furniture business altogether. While Contract Associates is correct insofar as this hypothetical misstates its

alleged evidence--i.e., Contract Associates' key inquiry is whether E*Trade would have entertained using Contract Associates without Ruiter if it was aware that Contract Associates was already in possession of substantial work product and site specifications with respect to future E*Trade's facilities--Gaffney nonetheless answers the proffered hypothetical based on his opinion, guided by his personal knowledge as E*Trade's Director of Corporate Facilities and Real Estate, on what E*Trade would have done if these are proved to be the underlying facts.  See Fed. R. Evid. 602 (relaying that a witness may testify on issues where "evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter").  Consequently, the court will again overrule Contract Associates' objection to Gaffney's testimony based on lack of foundation (FRE 601 and 602) and speculation (FRE 611).

F.   Contract Associates' Objection No. 8

Contract Associates objects to evidence cited in Ruiter's SSUF No. 45 (Gillen Dep. 54:13-25) on grounds that it lacks foundation and is speculative.  Ruiter has since withdrawn this statement and its correlating evidence for purposes of resolving the summary judgment motion, and this objection is thereby rendered moot.

G.   Contract Associates' Objections Nos. 9 and 10

In its ninth objection, Contract Associates objects directly to Ruiter's SSUF No. 52, which is based on Ruiter's characterization of Gaffney's deposition testimony, (Gaffney Dep. 44:20-45:2, 104:4-15), that E*Trade would not use Contract

10

Associates once Ruiter left.  In its tenth objection, Contract Associates objects directly to Ruiter's SSUF No. 53, which is based on Ruiter's characterization of testimony from Robert Antonelli,[7] (Robert Antonelli Dep. 117:4-118:16), and herself, (Ruiter Dep. 7:18-25, 14:3-12), that her independent act of leaving Contract Associates caused it to lose the E*Trade account as opposed to her additional conduct in copying and deleting Contract Associates' files.

Once again, the court will not consider Contract Associates' objections to SSUF Nos. 52 and 53 because these objections are aimed only at Ruiter's characterization and purported misstatement of the evidence--as represented in her SSUF--rather than the actual underlying evidence.  See supra, Objection No. 3.B.  If Ruiter's SSUF Nos. 52 and 53 clearly misstate or distort the underlying evidence, then they are immaterial to the court's summary judgment analysis.  See Admiral Ins. Co. v. Debber, 442 F. Supp. 2d 958, 961 (E.D. Cal. 2006) ("[T]he parties have submitted lengthy evidentiary objections to the other side's statement of undisputed facts and underlying evidence; however, much of the evidence objected to is immaterial to the court's analysis of the motions.").

H.   Contract Associates' Objection No. 11

Contract Associates' eleventh objection is identical to its seventh objection--i.e., that Gaffney's testimony regarding whether E*Trade would have continued to contract with Contract Associates if Ruiter had left the profession or gone to another

---

[7] Robert Antonelli and his wife, Ann Antonelli, are the owners of Contract Associates.  (Robert Antonelli Dep. 10:10-16.)

11

1  dealer lacked foundation and was speculative.  (Gaffney Dep.
2  104:4-15.)  Because Gaffney has personal knowledge of E*Trade's
3  contractual obligations that support his opinion as to whether
4  E*Trade would have continued to use Contract Associates without
5  Ruiter, the court will likewise overrule Contract Associates'
6  eleventh objection.

I.   Contract Associates' Objection No. 12

Contract Associates objects to evidence cited in support of Ruiter's SSUF Nos. 56 and 57 regarding E*Trade's practice of deciding which dealer it uses to supply its business needs.  In making this statement of undisputed fact, Ruiter cites only to deposition testimony from Contract Associates' owners Robert and Ann Antonelli.  Contract Associates correctly asserts, however, that neither Robert nor Ann Antonelli were showed to have adequate personal knowledge to provide competent commentary as to E*Trade's operational structure and/or contractual decisions.  See, e.g., Novikov v. Allstate Ins. Co., No. 01-0305, 2001 WL 1704129, at *6 (E.D. Cal. Dec. 19, 2001) (finding that witness "lacks personal knowledge and competence to testify" where he was neither "custodian of the business records for Allstate or for the plaintiffs' policy/claim file").  The court, therefore, will sustain Contract Associates' objections with respect to the evidence cited in support of Ruiter's SSUF Nos. 56 and 57.

Contract Associates also objects to Ruiter's SSUF Nos.

60, 64, and 75,[8] which together account for the conclusory assertion that E*Trade intended to follow Ruiter regardless of any documentation or work product that she may have had in her possession.  As was the case with Objections Nos. 3, 9, and 10, however, the court will not consider Contract Associates' objections to SSUF Nos. 60, 64, and 75 because these objections are aimed only at Ruiter's characterization and purported misstatement of the evidence--as represented in her SSUF--rather than the actual underlying evidence.  See supra Objections 3(B), 9, and 10.  The court again notes that if Ruiter's SSUF Nos. 60, 64, and 75 clearly misstate or distort the underlying evidence, they are immaterial to the court's summary judgment analysis.

        IT IS THEREFORE ORDERED that (1) Contract Associates' sixth, seventh, and eleventh objections to evidence in support of Ruiter's SSUF Nos. 23, 34, 35, and 55 be, and the same hereby are, OVERRULED and (2) Contract Associates' third and twelfth objections to evidence in support of Ruiter's SSUF Nos. 12, 56, and 57 be, and the same hereby are, SUSTAINED in part and OVERRULED in part in accordance with this Order's foregoing discussion.

///
///
///
///

---

[8] Originally, Contract Associates had also objected to Ruiter's SSUF Nos. 63, 70-73, and 75-77; in its reply to Ruiter's evidentiary objection response, however, Contract Associates narrows its objections to the above-addressed statements. (Pls.' Reply to Ruiter's Resp. to Pls.' Evid. Objections 13:20-16:24.)

1       Ruiter's motion for summary judgment is hereby taken
2 under submission.

4 DATED: July 25, 2008

                     WILLIAM B. SHUBB
                     UNITED STATES DISTRICT JUDGE